UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

**HÉCTOR TORRES-MALPICA,**

    **Plaintiff.**

    **v.**

**FEDERAL DEPOSIT INSURANCE COMPANY,**

    **Defendant.**

**CIVIL NO. 15-2212 (PAD)**

**MEMORANDUM AND ORDER**

On October of 2014, plaintiff initiated this action in state court against Doral Bank (Docket No. 1). On February 27 2015, Office of the Commissioner of Financial Institutions of Puerto Rico closed Doral and appointed the FDIC as Doral's receiver. Id. at ¶ 2. On September 1, 2015, the FDIC removed the action to this court pursuant to 12 U.S.C. § 1819(b)(2)(B) and 28 U.S.C. § 1442(a)(1). Id. Before the court is the FDIC's "Motion to Dismiss" (Docket No. 16).[1] To date, the motion stands unopposed. For the reasons below, the FDIC's motion is GRANTED, and the case DISMISSED.

**I.  STANDARD OF REVIEW**

Pursuant to Fed.R.Civ.P. 12(b)(1), a party may seek dismissal of an action for lack of subject matter jurisdiction. When a district court considers a Rule 12(b)(1) motion, it must credit the plaintiff's well-pled factual allegations and draw all reasonable inferences in the plaintiff's favor. See, Merlonghi v. United States, 620 F.3d 50, 54 (1st Cir. 2010)(citing Valentin v. Hosp.

---

[1] Before filing the Motion to Dismiss, the FDIC informed the court that plaintiff filed a motion for voluntary dismissal in state court and that plaintiff's attorney therein is not admitted to the PR Federal Bar (Docket No. 9). Therefore, it moved for a 30-day extension for plaintiff to file a motion for voluntary dismissal pro se or through another counsel. Id. The request was granted. Plaintiff, however, never filed the motion for voluntary dismissal. Thus, the court ordered plaintiff to show cause, by January 29, 2016, as to why the case should not be dismissed given his interest in not continuing with it (Docket No. 13). Plaintiff did not comply. The motion to dismiss followed (Docket No. 16).

Bella Vista, 254 F.3d 358, 363 (1st Cir. 2001). The court, however, may consider extrinsic materials in the process of evaluating the motion. Dynamic Image Technologies, Inc. v. U.S., 221 F.3d 34, 37 (1st Cir. 2000). If it appears at any time that subject matter jurisdiction is lacking, the action must be dismissed. McCulloch v. Vélez, 364 F.3d 1, 5 (1st Cir. 2004).

## II.     DISCUSSION

The Financial Institutions Reform, Recovery and Enforcement Act establishes a mandatory administrative claims process, which must be exhausted by every claimant seeking payment from the assets of the affected institution. See, Maldonado-Torres v. F.D.I.C. ex rel. R-G Premier Bank, 839 F.Supp.2d 511, 515 (D.P.R. 2012)(citing 12 U.S.C. § 1821(d)(13)(D)).[2] The administrative claims process, set forth in 12 U.S.C. §§ 1821(d)(3)-(13), requires that all claims be submitted to the FDIC by a date established by the receiver. Rodriguez v. F.D.I.C., No. 10-1656, 2011 WL 4529929, at *3 (D.P.R. September 27, 2011). Compliance with and exhaustion of the administrative procedure is mandatory. See, Marquis v. F.D.I.C., 965 F.2d 1148, 1151 (1st Cir. 1992)(so stating).

With this background, on October 9, 2015, the FDIC sent plaintiff a "Notice to Discovered Claimant to Present Proof of Claim" (Docket No. 16, Exh. 1). The notice informed that the FDIC had established June 4, 2015, as the Claims Bar Date; included instructions on how to complete

---

[2] Section 1821(d)(13)(D) states:

> (D) Limitations on judicial review
> Except as otherwise provided in this subsection, no court shall have jurisdiction over—
> (i) any claim or action for payment from, or any action seeking a determination of rights with respect to, the assets of any depository institution for which the [FDIC] has been appointed receiver, including assets which the [FDIC] may acquire from itself as such receiver; or
> (ii) any claim relating to any act or omission of such institution or the [FDIC] as receiver.

12 U.S.C. § 1821(d)(13)(D).

the Proof of Claim Form; provided the address to which the document should be sent; and forewarned that failure to file any such claim before the Claims Bar Date would result in the final disallowance of the claim. Id.

Despite the foregoing, plaintiff failed to submit the corresponding claims with the FDIC. Given that he failed to comply with the administrative procedure set in 12 U.S.C. § 1821, the court lacks subject-matter jurisdiction to entertain the claims against the FDIC. See, Simon v. F.D.I.C., 48 F.3d 53, 56 (1st Cir. 1995)(holding that "[f]ailure to comply with the [administrative claims review process] deprives the courts of subject matter jurisdiction over any claim to assets of the failed financial institution"); see also, 12 U.S.C. § 1821(d)(13)(D).

### III.   CONCLUSION

In light of the foregoing, the FDIC's motion is GRANTED, and plaintiff's complaint DISMISSED. Judgment so reflecting shall be entered accordingly.

**SO ORDERED.**

In San Juan, Puerto Rico, this 24th day of October, 2016.

s/Pedro A. Delgado-Hernández
PEDRO A. DELGADO-HERNÁNDEZ
United States District Judge